(55 Misc. Rep. 124.)

### In re HAMMOND.

(Supreme Court, Special Term, New York County. June, 1907.)

INSANE PERSONS—INQUISITION—SETTING ASIDE DEFAULT.

A motion to open defendant's default, and to set aside a verdict finding him insane, and to direct commissioners to reconvene and allow him to present his defense, will be granted, where his request for adjournment because of illness of counsel was refused, and substituted counsel asked an adjournment for two days in which to prepare for hearing, which was also refused, on condition that the costs of the proceeding to date be paid by respondent or his estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Insane Persons, § 30.]

In the matter of James Bartlett Hammond, alleged lunatic. Motion to set aside verdict and direct commission to give defendant opportunity to present defense.

John Holden, for petitioner.
Quigg, Bostwick & Coleman, for respondent.

BLANCHARD, J. This is a proceeding to inquire into the sanity of the respondent. Commissioners were duly appointed, a jury impaneled, several hearings were had, and the case of the petitioner completed. At some of the hearings, and when the most important testimony was given, adjournments were asked on behalf of the respondent, because of the illness of counsel, and refused. Other counsel was engaged, who asked for an adjournment of two days in which to prepare for the hearings, and this was also refused. The respondent put in no evidence, and the jury found him insane. This is a motion to open the respondent's fault, to set aside the verdict of the jury, and to direct the commission heretofore appointed to reconvene and to give to the respondent a reasonable opportunity to present his defense. The motion is opposed on several grounds, most of them technical, and that there is no precedent for granting it. I am of the opinion, however, that these considerations are of minor consequence in face of the fact that the proceedings seek to deprive the respondent of his liberty and control of his property. No harm can come by opening the default and great injustice might result by not doing it.

The costs and expenses of the proceeding to date, however, should be borne by the respondent or his estate, and the default will be opened upon that condition.